IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DONNELL CHRISTOPHER LEWIS,  )
                            )
           Petitioner,      )
                            )
      v.                    )   1:14CV818
                            )
FRANK PERRY,                )
                            )
           Respondent.      )


RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Donnell Christopher Lewis, a prisoner of the State of North Carolina, has brought a Petition [Doc. #2] seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as a Supplement [Doc. #6] to that Petition. As shown by the Petition and exhibits attached to a Brief [Doc. #3] filed in support of the Petition, on May 28, 2013, in the Superior Court of Guilford County, Petitioner pled guilty to breaking and entering, felony possession of stolen property, two counts of felony larceny, and two counts of having attained the status of a habitual felon. He then received a sentence of 128 to 163 months imprisonment. Petitioner filed no direct appeal. However, on April 25, 2014, Petitioner filed a Motion for Appropriate Relief in the trial court, which subsequently denied relief. Petitioner then filed a certiorari petition in the North Carolina Court of Appeals, which denied that petition on July 7, 2014. Petitioner later filed a notice of appeal and a petition for certiorari with the North Carolina Supreme Court. That court dismissed both filings on

August 19, 2014.  Petitioner then dated his Petition to this Court as being mailed on September 18, 2014.  The Court received it on September 25, 2014.  He signed his Supplement on December 3, 2014, and the Court received it on December 8, 2014.

### Petitioner's Claims

Petitioner raises three claims for relief in his original Petition.  The first is that the state court incorrectly advised him that he faced up to 204 months imprisonment on each charge as a habitual felon, even though he faced only 160 months on each count.  The second claim is a variation of the first.  Petitioner's third claim alleges that he received ineffective assistance of counsel, apparently based on his attorney allowing him to be misadvised as to the maximum penalty.  Finally, in his Supplement, Petitioner adds a claim that his attorney failed to advise him of a plea offer that would have allowed him to receive only 25 months imprisonment.  Respondent filed a Motion for Summary Judgment [Doc. #9] opposing Petitioner's original claims on the grounds that they are time barred and meritless and opposing the claim in his Supplement on those grounds and on the ground of procedural bar.

### Discussion

Respondent seeks dismissal on the ground that Petitioner filed the Petition outside of the one-year limitations period, 28 U.S.C. § 2244(d)(1).  In order to assess Respondent's statute of limitation argument, the Court first must determine when Petitioner's one-year period to file his § 2254 Petition commenced.  In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

Petitioner does not appear to argue, and the record does not reveal, any basis for concluding that subparagraphs (B), (C), or (D) of § 2244(d)(1) apply in this case. All of his claims would certainly have existed, and could have been uncovered through the exercise of due diligence, at the time of his conviction. Therefore, Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court must examine when direct review (or the time for seeking direct review) of Petitioner's underlying conviction ended.

Here, the state trial court entered judgment against Petitioner on May 28, 2013, and Petitioner did not appeal. Respondent asserts (Respondent's Supporting Brief at 3-4), and Petitioner has not disputed, that Petitioner's convictions became final on that date, because he pled guilty and received a sentence in the presumptive range for his crimes. See N.C. Gen. Stat. § 15A-1340.17(c) & (e) (2010). In North Carolina, defendants who plead guilty have very limited grounds on which they can appeal. See State v. Smith, 193 N.C. App. 739,

741-42, 668 S.E.2d 612, 613-14 (2008) (enumerating limited grounds for appeal for defendants who plead guilty); see also N.C. Gen. Stat. §§ 15A-979(b) & 15A-1444. According to Respondent, Petitioner had no right to appeal because none of these grounds existed. If so, Petitioner's time to file a habeas petition in this Court began to run on May 28, 2013. Hairston v. Beck, 345 F. Supp. 2d 535, 537 (M.D.N.C. 2004); accord Redfear v. Smith, No. 5:07CV73-03-MU, 2007 WL 3046345, at *2 (W.D.N.C. Oct. 17, 2007) (unpublished); Marsh v. Beck, No. 1:06CV1108, 2007 WL 2793444, at *2 (M.D.N.C. Sept. 26, 2007) (unpublished). Further, even if Petitioner possessed a right to appeal, any such right expired 14 days after the trial court entered judgment against him. See N.C. R. App. P. Rule 4(a)(2). As will be seen, these 14 days would not make any difference in the case.

The limitations period ran for 332 days until Petitioner filed his MAR in Guilford County on April 25, 2014. At that point the limitations period was tolled with 33 days left, because attempts at collateral relief in the state courts toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, tolling ceased, and the statute of limitations began to run again, on July 7, 2014, when the North Carolina Court of Appeals denied Petitioner's certiorari petition. The deadline then expired on August 11, 2014, without Petitioner having filed his Petition in this Court. In fact, the Petition is dated as having been signed and mailed on September 18, 2014, or more than 30 days later. He did not raise his fourth claim for relief until even later,

in a document signed on December 3, 2014, and received by the Court on December 8, 2014. That claim is even further out of time.

It is true that Petitioner filed a petition for certiorari with the North Carolina Supreme Court, which it denied on August 19, 2014. He seeks to include the time that petition remained pending in the tolling period. However, only "properly filed" attempts at collateral relief toll the statute of limitations. 28 U.S.C. § 2244(d)(2); Artuz v. Bennett, 531 U.S. 4 (2000). "Although petitions seeking review by the North Carolina Supreme Court constitute a step in the state's direct appeal process, the North Carolina Court of Appeals represents the final step in the state's collateral review process, except in cases involving a death sentence or specified circumstances not present here." Harb v. Keller, No. 1:09CV766, 2010 WL 3853199, at *5 (M.D.N.C. Sept. 28, 2010) (unpublished). Therefore, Petitioner's filing of the certiorari petition with the North Carolina Supreme Court did not toll the limitations period, id. (citing cases), and the Petition is out of time under § 2244(d)(1)(A).

Petitioner responds by raising what appears to be a request for equitable tolling, which the Supreme Court has ruled applicable in this context, Holland v. Florida, 560 U.S. 631, 649 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (emphasis added). Petitioner's argument is that he is a layman of the law who incorrectly believed that he needed to file in the North Carolina Supreme Court in order to exhaust his state court remedies before proceeding in this Court. However, unfamiliarity with the legal

process, even in the case of an unrepresented prisoner, does not constitute grounds for equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004); March v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2001); Gray v. Lewis, No. 1:11CV91, 2011 WL 4022787, at *3 (M.D.N.C. Sept. 9, 2011) (unpublished), adopted, slip op. (M.D.N.C. Nov. 4, 2011)). The Petition is out of time and can be dismissed for that reason alone.

Additionally, even if the Court somehow found the Petition timely, at least Petitioner's original claims still fail for other reasons. Petitioner bases these claims on the faulty premise that the state court and his attorney incorrectly advised him that he faced up to 204 months on each charge as a habitual felon when he actually faced only a maximum of 160 months imprisonment. Petitioner is simply incorrect. Petitioner's own exhibits reveal that he was sentenced under North Carolina's Structured Sentencing Act, which sets out ranges of possible minimum sentences for all classes of felonies. See N.C. Gen. Stat. § 15A-1340.17. The table is organized by offense class and criminal history category, further divided into mitigated, presumptive, and aggravated ranges. The minimum sentences set out in that table correspond to maximum sentences set out in a second table.

Here, Petitioner was sentenced for his habitual felon convictions as a Class D felon with a criminal history category of VI. Petitioner provides as an exhibit attached to his Petition the sentencing tables from N.C. Gen. Stat. § 15A-1340.17 containing the ranges of minimum sentences for each crime. It shows that the highest possible minimum sentence for a Class D felony with a criminal history category of VI is 160 months. Petitioner incorrectly believes that this ends the sentencing analysis and that 160 month is also the maximum sentence he faced. However, as explained above, this is only the highest

minimum sentence he faced. That 160 month minimum must be cross-referenced in the chart of maximum sentences, which Petitioner fails to include. That chart reveals that the corresponding maximum sentence for a minimum sentence of 160 months was 204 months at the time of Petitioner's sentencing in 2013. See N.C. Gen. Stat. § 15A-1340.17 (2013). Therefore, he was correctly advised by his attorney and the state court that he faced a possible maximum sentence of 204 months for his habitual felon convictions. All three of his first three claims for relief fail accordingly.

As for Petitioner's fourth claim, it is conclusory overall. It accuses Petitioner's former attorney of failing to inform him of a very favorable plea bargain, but fails to establish that such an offer ever existed or give a basis of knowledge for the allegation that it did. Petitioner states that a co-defendant received and accepted a similar offer, but this in no way establishes that the prosecution ever made the same offer to Petitioner. In any event, as discussed above, this claim is clearly time-barred due to Petitioner's failure to raise it until more than two months after he filed his Petition.[1] Therefore, Respondent's Motion for Summary Judgment should be granted.

IT IS THEREFORE RECOMMENDED that Respondent's Motion for Summary Judgment [Doc. #9] be granted, that the Petition [Doc. #2], as supplemented, be denied, and that this action be dismissed.

This, the 29th day of June, 2015.

                                                   /s/ Joi Elizabeth Peake
                                                   United States Magistrate Judge

---

[1] In this regard, the Court notes that even if the Court excluded the 44-day period from July 7, 2014 until August 19, 2014 when Petitioner's appeal and petition for certiorari were dismissed by the North Carolina Supreme Court, the claim in the Supplement dated December 3, 2014 would still be time barred.